UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

ISMAEL VARGAS PRECIADO,

        Plaintiff,

v.                                                      CASE NO. 2:07-12962
                                                      HONORABLE NANCY G. EDMUNDS

MICHAEL R. MUELLER,

        Defendant.
_____/

## ORDER OF DISMISSAL

### I. Introduction

      Plaintiff Ismael Vargas Preciado has filed a *pro se* civil rights complaint for money damages against Michael R. Mueller, an Assistant United States Attorney for the Eastern District of Michigan. Because Defendant is a federal employee, the Court construes the complaint as one brought pursuant to *Bivens v. Six Unknown Named Agents of Federal Bureau of Narcotics*, 403 U.S. 388 (1971).[1]

      The complaint and exhibits indicate that Plaintiff was arrested on August 26, 2005, by a border patrol agent in Port Huron, Michigan. Defendant Michael R. Mueller subsequently prosecuted Plaintiff for unlawful re-entry after deportation for an aggravated felony. Plaintiff claims that Defendant falsified legal documents and violated his right not to be placed in double

---

[1] The Supreme Court held in *Bivens* that a federal agent's unconstitutional conduct while acting under color of his authority gives rise to a cause of action for damages. *Bivens* "claims are the counterpart to suits under 42 U.S.C. § 1983 against state officials who infringe plaintiffs' federal constitutional or statutory rights." *Vector Research v. Howard & Howard Attorneys, P.C.*, 76 F.3d 692, 698 (6th Cir. 1996).

jeopardy by charging him with identical charges in two federal cases. Plaintiff further alleges that Defendant violated his right to a speedy trial, obstructed justice, abused his authority, harassed him, committed fraud, conspired against him, and discriminated against him on the basis of his race.

## II. Discussion

Plaintiff was confined in the Wayne County Jail when he filed his complaint, and he has been granted leave to proceed without prepayment of the filing fee for this action. An indigent prisoner's civil rights complaint against a governmental entity, officer, or employee may be dismissed if it (1) is frivolous, malicious, or fails to state a claim for which relief may be granted, or (2) seeks monetary relief from a defendant who is immune from such relief. *Smith v. Campbell*, 250 F.3d 1032, 1036 (6th Cir. 2001) (citing 28 U.S.C. §§ 1915(e)(2) and 1915A). A complaint is frivolous if it lacks an arguable basis in law or in fact. *Neitzke v. Williams*, 490 U.S. 319, 325 (1989).

Plaintiff's complaint is frivolous and fails to state a claim because it challenges Plaintiff's arrest, prosecution, and incarceration. The proper remedy for making a constitutional challenge to the fact or length of confinement is a habeas petition or, in the case of a federal conviction, a motion to vacate sentence. 28 U.S.C. § 2255 ¶ 1; *Preiser v. Rodriguez*, 411 U.S. 475, 499 & 499 n. 14 (1973). In order for a prisoner

> to recover damages for allegedly unconstitutional conviction or imprisonment, or for other harm caused by actions whose unlawfulness would render a conviction or sentence invalid, a § 1983 plaintiff must prove that the conviction or sentence has been reversed on direct appeal, expunged by executive order, declared invalid by a state tribunal authorized to make such determination, or called into question by a federal court's issuance of a writ of habeas corpus, 28 U.S.C. § 2254. A claim for damages bearing that relationship to a conviction or sentence that has *not* been so invalidated is not cognizable under § 1983.

2

*Heck v. Humphrey*, 512 U.S. 477, 486-87 (1994) (emphasis in original). This "litigation bar applies with equal force to *Bivens* actions," *Baranski v. Fifteen Unknown Agents of Bureau of Alcohol, Tobacco and Firearms,* 452 F.3d 433, 460 (6th Cir. 2006), *cert. denied*, __ U.S. __, 127 S. Ct. 1908 (2007), and to actions leading to the initiation of a federal prosecution, *Shamaeizadeh v. Cunigan*, 182 F.3d 391, 397 n.4 (6th Cir. 1999), *abrogated on other grounds by Wallace v. Kato*, __ U.S. __, 127 S. Ct. 1091 (2007).

*Heck* and other Supreme Courts cases, when taken together, indicate that a prisoner's civil rights action is barred (absent prior invalidation), regardless of the relief sought (damages or equitable relief) or the target of the prisoner's suit (conduct leading to conviction or internal prison proceedings), "*if* success in that action would necessarily demonstrate the invalidity of confinement or its duration." *Wilkinson v. Dotson*, 544 U.S. 74, 81-82 (2005) (emphasis in original). Success in this action would demonstrate the invalidity of Petitioner's conviction.

Furthermore, the only defendant is an assistant United States attorney. He enjoys absolute immunity from damages liability for acts "intimately associated with the judicial phase of the criminal process," including the initiation of a prosecution and presentation of the Government's case. *Imbler v. Pachtman*, 424 U.S. 409, 430-31 (1976).

### III. Conclusion

Plaintiff's complaint lacks an arguable basis under law and, therefore, is frivolous. The complaint also fails to state a claim, and it seeks money damages from a defendant who is immune from damages liability. Accordingly, this action is DISMISSED pursuant to 28 U.S.C. §§ 1915(e)(2) and 1915A. An appeal from this order would be frivolous and could not be taken in good faith. 28 U.S.C. § 1915(a)(3); *Coppedge v. United States*, 369 U.S. 438, 445 (1962);

*McGore v. Wrigglesworth*, 114 F.3d 601, 610-11 (6th Cir. 1997).

                s/Nancy G. Edmunds
                Nancy G. Edmunds
                United States District Judge

Dated: August 8, 2007

I hereby certify that a copy of the foregoing document was served upon the parties and/or counsel of record on August 8, 2007, by electronic and/or ordinary mail.

                s/Carol A. Hemeyer
                Case Manager